lml

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
|                            ) | |
|            Plaintiff,      ) | |
|                            ) | |
| v.                         ) | No. 10-40088-01-JAR |
|                            ) | |
| DEBORAH J. RIGGS,          ) | |
|                            ) | |
|            Defendant.      ) | |
| _____  ) | |

## PROTECTIVE ORDER

This matter is before the Court on defendant Deborah J. Riggs' Motion for Protective Order (Doc. 29). The government has filed a response in opposition (Doc. 30). The government sought and obtained a subpoena as authorized by 42 U.S.C. §§ 290dd-2(b)(2)(C) and 42 C.F.R. § 2.65, which governs the government's ability to obtain records of a defendant's mental health and addition treatment, from the persons holding the records.[1] The subpoenas were issued to the Kansas Nurses Assistant's Program ("KNAP"), Hutchinson Psychological and Family Services and Dr. Ted Moeller. The KNAP and Hutchinson records were provided to the Court, defense counsel, government counsel, and the Probation Office.

After reviewing the parties' submissions, and for good cause shown pursuant to Fed. R. Crim. P. 16(d)(1), the Court granted defendant's request for *in camera* review of the records produced by Dr. Moeller, which consisted of his entire file on defendant. The Court permitted defense counsel to inspect the records prior to the Court's *in camera* inspection to assist the

---

[1]Docs. 24, 26.

Court in the identification of privileged documents.[2]  Counsel submitted a privilege log (Doc. 37), and the Court is prepared to rule.

The Court notes that although the Federal Rules of Evidence do not apply to sentencing hearings,[3] it has reviewed Dr. Moeller's report and sees no reason to suggest the government should be entitled to anything more than what the criminal rules provide.  While 42 U.S.C. §§ 290dd-2(b)(2)(C) and 42 C.F. R. § 2.65 authorize disclosure of confidential medical records by a third party, the government does not provide the Court with any authority that these statutes somehow override a defendant's rights under Fed. R. Crim. P. 16(d)(1).  Defendant has provided a copy of the report to the government as well as the Court, and thus has more than complied with the summary required by Fed. R. Crim. P. 16(b)(1).  Moreover, defense counsel has indicated that she does not intend to call Dr. Moeller as a witness at sentencing.  Thus, the underlying data of his report is not subject to disclosure, pursuant to Fed. R. Evid. 702 and 703.  Finally, the remaining items in Dr. Moeller's file identified in the privilege log consist of items that are protected by the attorney/client privilege and work product doctrine, as they involve communications with an expert retained to assist an attorney in preparation for trial[4] as well as discussions or communications concerning defense strategy or statements of the defendant that may be subject to self-incrimination concerns.[5]

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion for

---

[2]Doc. 26 at 2.

[3]*See, e.g.*, *United States v. Scott*, 529 F.3d 1290, 1298 (10th Cir. 2008).

[4]*See United States v. Alvarez*, 519 F.2d 1036 (3rd Cir. 1975).

[5]*See United States v. Nobles*, 422 U.S. 225, 239 (1975).

Protective Order (Doc. 29) is GRANTED.

**IT IS SO ORDERED.**

Dated: July 22, 2011

                                               S/ Julie A. Robinson
                                               JULIE A. ROBINSON
                                               UNITED STATES DISTRICT JUDGE