## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 10-40088-01-JAR |
| ) | |
| DEBORAH J. RIGGS, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Deborah J. Riggs' *pro se* Motion to Reduce

Sentence (Doc. 48).  The government has filed a response in opposition (Doc. 50).  The motion

is fully briefed, and the Court is prepared to rule.  As explained more fully below, the Court

dismisses the motion for lack of jurisdiction.

Defendant is incarcerated in the Alderson Federal Prison Camp in Alderson, West

Virginia.  Defendant is participating in the Residential Drug Abuse Program (RDAP); some

RDAP participants are eligible for a reduction in their sentence after completion of the program,

but Defendant's convictions, for tampering with a consumer product in violation of 18 U.S.C. §

1365(a), and adulterating a drug in violation of 21 U.S.C. § 331, are considered violent crimes

by the Bureau of Prisons (BOP).  Conviction of a violent crime renders her ineligible for a

reduction under BOP regulations.  Because she is ineligible, Defendant asks this Court to reduce

her sentence.

"A district court does not have inherent authority to modify a previously imposed

sentence; it may do so only pursuant to statutory authorization."[1]  A Court may modify the term of imprisonment in the very limited situations enumerated in statute,[2] either through collateral attack under §§ 2241 or 2255 or under 18 U.S.C. § 3582(c).[3]

If Defendant's motion attacked the execution of her sentence under 28 U.S.C. § 2241,[4] the Court could not grant her motion.  In her plea agreement, Defendant waived her ability to collaterally attack her sentence, absent claims of ineffective assistance of counsel or prosecutorial misconduct.[5]  Further, even if she had not waived her right to collateral attack, this Court would not have jurisdiction over the claim.  She is incarcerated in West Virginia, and such a petition would have to be filed there.[6]  The Court lacks jurisdiction under § 2241 to consider this motion for a reduced sentence.

Absent collateral attack under § 2241, Defendant's motion depends on 18 U.S.C. § 3582(c).  Section 3582(c) provides that the district court may not modify a term of imprisonment except in three limited circumstances: (1) upon motion of the Director of the BOP and a finding of special circumstances; (2) if otherwise expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) if a sentencing range has subsequently been lowered by the Sentencing Commission.  The first and third possibilities do not, on their faces, apply here,

---

[1]*United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997); *see Freeman v. United States*, 131 S. Ct. 2685, 2690 (2011).

[2]*See United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997).

[3]*Id.*

[4]*See Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2006) (allowing, under 28 U.S.C. § 2241, inmates' challenge to their exclusion from the sentence reductions generally available though RDAP).

[5]Doc. 15 at 17–18.

[6]*See 28 U.S.C. § 2241(a).*

leaving only the second.  Defendant does not assert that any of the requisite conditions for Rule

35 relief are present, and suggests no other statutes that would support jurisdiction.  The Court's

own research also fails to indicate any statute that would allow the Court to reduce Defendant's

sentence.  Accordingly, the Court lacks jurisdiction under 18 U.S.C. § 3582(c) to consider this

motion for a reduced sentence.

      **IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to

Reduce Sentence (Doc. 48) is DISMISSED for lack of jurisdiction.

      **IT IS SO ORDERED.**

Dated: November 29, 2012

                       S/ Julie A. Robinson
                       JULIE A. ROBINSON
                       UNITED STATES DISTRICT JUDGE